HENRY M. SIEGEL ESQ.BAR NO. 32006
PO Box 84708
San Diego, CA 92138
(619) 819-2091
FAX (208)728-9043
Attorneys for Thomas Risenhoover

FILED
2008 AUG -1 PM 3:06
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

**UNITED STATES DISTICT COURT**

**FOR SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS RISENHOOVER,<br><br>Plaintiff<br><br>v.<br><br>A T & T MOBILITY LLC, and CINGUAR WIRELESS, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. '08 CV 1401 W NLS<br><br>**COMPLAINT FOR DAMAGES**<br><br>[Amount Demanded Exceeds $25,000.00]<br><br>1. ERISA VIOLATION<br>2. INTENTIONAL MISREPRENTATION<br>3. NEGLIGENT MISREPRESENTATION |

Plaintiff alleges:

PREMINARY STATEMENT

1. Plaintiff, Thomas Risenhoover, brings this action to recover damages and for equitable relief under the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S. C. § 1001 et seq. and particularly 29 U.S.C. § 140 to redress his illegal and wrongful suspension of his medical and dental benefits for Plaintiff and his wife, which was done pretextually and with the purpose of interfering with a right to which Plaintiff was entitled under Defendant's employee benefit plan for participants and retirees.

2. Plaintiff also seeks compensatory damages on a claim of Intentional and Negligent misrepresentation under the laws of the State of California.

JURISDICTION

3. Jurisdiction over Plaintiff's claims are conferred on this Court pursuant to 29 U.S.C. §1132, 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (a)(4) and the Plaintiff requests that the Court exercise supplemental jurisdiction over the Plaintiff's State Law claim under 28 U.S. C § 1367 (a).

PARTIES

4. Plaintiff, Thomas Risenhoover is and was, at all times relevant to this action, was, a "participant" in Defendant's employee benefit plan as defined by 29 U.S.C. § 1002(7).

5. Plaintiffs are informed and believe and thereon allege that Defendant A. T. & T. MOBILITY LLC, (hereinafter referred to as ("AT&T") is a Delaware corporation with its principal place of business in Dallas, Texas

6. Plaintiffs are informed and believe and thereon allege that Defendant CINGULAR WIRELESS (hereinafter referred to as ("CINGULAR") was a Delaware Corporation which was absorbed into Defendant A. T. & T.

7. Plaintiffs are informed and believe and thereon allege that Defendant AT & T BENEFITS BENFITS CENTER hereinafter referred to as ("AT& T BENEFITS") is a wholly owned subsidiary or agency of Defendant AT& T with its principal place of business in Lincolnshire, Illinois.

8. Plaintiffs are informed and believe and thereon allege that Defendant CINGULAR WIRELESS BENFITS CENTER hereinafter referred to as ("CINGULAR BENEFITS") was wholly owned subsidiary or agency of Defendant CINGULAR which was absorbed into Defendant A. T. & T.

9. Plaintiffs are ignorant of the true names of defendants DOES 1 through 50, inclusive, and have therefore sued them by the above names, which are fictitious. Plaintiffs will amend this Complaint by inserting true names in lieu of the fictitious names, together with apt and proper charging words, when the true names are ascertained. Plaintiffs are informed, believe and thereon allege that each of the defendants designated in this Complaint, as a DOE is responsible and liable to plaintiffs in some manner for the events, happenings, and contentions

referred to in this Complaint. All references in this Complaint to defendants shall be deemed to include all DOE defendants.

10. Plaintiffs are informed and believe and thereon allege that each defendant, including DOES, was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative of each other defendant, including DOES, and all of the things alleged to have been done by the defendants were done in the course and scope of the agency, employment, service, subsidiary relationship, partnership, membership, association, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives.

11. All named defendants or doe defendants are or were employers or agents of employers engaged in an industry or activity affecting commerce within the meaning of 29 U.S.C. § 1002(5), (12). Defendants are both the "Plan Sponsor," 29 U.S.C. §1002 (16) (A), and the "plan administrator",

29 U.S.C. § 1002 (16) (B) of Defendant's employee benefits plan.

12. Defendants have maintained and do maintain various employee benefits plans, including a comprehensive health and dental insurance program for all permanent full-time with benefits continuing for employees who retire under Defendant's Retirement Plan.

13. Defendant's Retirement plan described under paragraph 8 is an employee benefit plan within the meaning of 29 U.S. C. § 1002(3) and 29 U.S. C. § 1140.

**FACTUAL ALLEGATIONS**

14. Plaintiff Thomas Risenhoover was employed by A. T. & T. Wireless just prior to its merger with Cingular Wireless and its subsequent merger with A.T. & T. Mobility. Plaintiff became a participant in Defendant's retirement Plan and Group Insurance Plan on February 1, 2006.

15. Thomas Risenhoover was a long time (blue) employee of A.T & T Wireless before Cingular Wireless took over the company.

16. Thomas Risenhoover retired on January 31, 2006 prior to Cingular becoming a union shop which occurred on February 1, 2006. This fact is supported by attachment A.

17. Part of the retirement package awarded to Thomas Risenhoover was an entitlement to participation in the Cingular Edge PPO which provided medical and dental benefits for both Plaintiff as well as for his wife Doris Risenhoover. The initial cost of this coverage for both Plaintiffs on 2/1/06 was $377.71 See Attachment A

18. Plaintiff arranged for a procedure which provided that month insurance premiums would be sent on a regular basis by electronic check to the Cingular Wireless Benefits Center.

19. Plaintiffs initiated this process in February 2006 and funds were regularly sent to the Cingular Wireless Benefits Center where ever that center was located in the United States. This process continued to work properly from February 1, 2006 until August 2007.

20. On September 1, 2007 a significant change occurred between the Defendant Companies. CINGULAR including its Benefits Center was absorbed through a merger into ATT MOBILITY LLC.

21. For reasons that are completely unknown to Plaintiff, his check sent in September of 2007 and 3 subsequent checks in payment of the insurance premiums for the Risenhoover's health and dental benefits program were diverted by one or more persons at one or more benefits center and put, without the knowledge or consent or approval of Plaintiff, into Thomas Risenhoover's cellular phone account.

22. 4 months later Plaintiff was informed that his membership in the Cingular Edge PPO was cancelled for lack of premium payment.

23. On February 29, 2008 a Notice of Dispute was mailed to the General Counsel of A T and T Mobility LLC in Atlanta Ga. A copy of the Notice is attached as Exhibit B.

24. Plaintiffs received an unsigned response to their Notice of Dispute dated April 21, 2008 from the A T & T Benefits Center. This response is attached as Exhibit C.

25. Plaintiff filed an appeal to the initial finding with the A.T. & T. Benefits center on May 14, 2008. A response to this appeal was received by letter to Plaintiff dated July 16, 2008. A copy of that letter is attached as exhibit D.

26. As a result of this intentional or negligent error on the part of Defendants or their agents, Plaintiff's health insurance cost increased to $1,191.677 plus a dental insurance premium

that is estimated to be $500 per month resulting in a net increase in monthly cost to Plaintiffs of $1,275.67 over the $416 that Plaintiff was paying previously.

27. Plaintiff will be required to maintain these policies until Doris Risenhoover attains the age of 65 on March 6, 2013.

28. Defendant's agents finally accepted belated payments from Plaintiffs for the last 4 months of 2007 at the original rate so that the increased cost is calculated from January 1, 2007.

29. Thus Plaintiffs are faced with making excess health insurance and dental insurance premiums for 74 months into the future resulting in damages of $125,183.58; all due to unexplained intentional or negligent behavior on one or more agents of Defendants.

30. In Exhibit E, Defendants have offered somewhat of a compromise which gives Plaintiff and his wife access to reflect retiree management with monthly health insurance premiums set an $896.79 per month and dental insurance premiums at $61.29 per month for a total of $958.08. This offer of compromise is not acceptable to Plaintiff.

31. Plaintiff has rejected that offer in compromise by letter dated July 21, 2008, a copy of which is attached as Exhibit F.

32. Plaintiff has exhausted all administrative remedies.

**FIRST CAUSE OF ACTION**

**(ERISA VIOLATION)**

**As To All Defendants**

33. Plaintiffs hereby incorporate Paragraphs 1 through 32 inclusive, of the Complaint.

34. Defendant's failure to maintain Plaintiff's retirement benefits with respect to his health insurance plan to which he was entitled upon retirement was pretextual and purposely interfered with Plaintiff's right to continue health insurance benefits under Defendant's employee benefit plan, causing Plaintiff to incur substantially increased health insurance and dental insurance premiums.

**SECOND CAUSE OF ACTION**

**(INTENTIONAL MISREPRSENTATION)**

**As To All Defendants**

35. Plaintiff hereby incorporates Paragraphs 1 through 34, inclusive, of the Complaint.

36. Defendants had a duty to exercise care in applying Plaintiff's payments for medical and dental insurance coverage to the relevant health insurance and dental insurance provider.

37. That Plaintiff was harmed by the failure of Defendants to exercise a duty of care.

38. Such failure on the part of Defendants was intentional.

39. That Defendants actions were a proximate cause of the harm suffered by Plaintiff;

40. As a result of Defendants intentional misrepresentations, Plaintiff has suffered emotional distress, consequential damages and mental and emotional pain and suffering as a result of Defendant's intentional misrepresentation.

41. That Defendant's intentional negligent acts were a substantial factor in causing harm to Plaintiff.

**THIRD CAUSE OF ACTION**

**(NEGLIGENT MISREPRESENTATION)**

**As To All Defendants**

42. Plaintiffs hereby reincorporate Paragraphs 1 through 41, inclusive, of the Complaint.

43. Defendants had a duty to exercise care in applying Plaintiff's payments for medical and dental insurance coverage to the relevant health insurance and dental insurance provider.

44. That Plaintiff was harmed by the failure of Defendants to exercise a duty of care.

45. Such failure on the part of Defendants was negligent.

46. That Defendant's actions were a proximate cause of the harm suffered by Plaintiff;

47. As a result of Defendants negligent misrepresentations, Plaintiff has suffered emotional distress, consequential damages and mental and emotional pain and suffering as a result of Defendant's intentional misrepresentation.

48. That Defendant's negligent misrepresentations were a substantial factor in causing harm to Plaintiff.

**WHEREFORE**, plaintiffs pray judgment against defendants as follows:

1. For breach of Fiduciary duties, increased insurance premiums of $125,183.58 or alternatively, restoration of Plaintiff's health insurance benefits at the rate that Plaintiff was paying under his original retirement plan arrangement
2. For general damages for Intentional Misrepresentation;
3. For general damages for Negligent Misrepresentation.
4. For statutory damages for violation of ERISA in an amount to be proven at trial;
5. For attorneys' fees as provided for in the AT & T agreements;
7. For such other and further relief as this Court may deem just and proper.

Dated: August 1, 2008

Henry M. Siegel, Esq.
Attorneys for Plaintiff,
Thomas Risenhoover

cingular WIRELESS

# YOUR PERSONAL FACT SHEET (PFS)

**Fidelity NetBenefits®**
Link to NetBenefits℠ from my-cingular; or
Go to http://netbenefits.fidelity.com
**Cingular Wireless Benefits Service Center**
1-877-421-5225
**International**
Dial your country's toll-free AT&T Direct® access number then enter 877-421-5225. In the U.S., call 1-800-331-1140 to obtain AT&T Direct access numbers. From anywhere in the world, access numbers are available online at www.att.com/traveler or from your local operator.
**TDD Service for the Hearing Impaired**
1-888-343-0860

4.CW-H-504A ENV# CW03169248002000001

THOMAS RISENHOOVER
4330 CAVITT-STALLMAN RD.
GRANITE BAY, CA 95746

March 15, 2006

**You must contact the Cingular Wireless Benefits Service Center either by going to NetBenefits℠ or calling the service center by this date:**

## Enrollment Deadline: April 15, 2006

Dear Participant:

Congratulations on your recent retirement! You may elect to continue your existing medical plan until you reach age 65. You are eligible to change coverage levels if you need to cover family members or wish to just cover yourself. To elect coverage, you must call the Cingular Wireless Benefits Service Center by the enrollment deadline listed above. If you do not call by the enrollment deadline, you will be automatically enrolled in the coverage(s) shown below. If you need to add dependents please do so when you call. As you review your options, be sure to refer to the material included with this Personal Fact Sheet for additional information. **Your elections will be effective February 1, 2006.**

You will be responsible for making the monthly contribution payments for your elected benefits. Cingular Wireless will send you invoices to pay for your benefits. If you wish to have your monthly contributions automatically deducted from your bank account or pension check please call the Cingular Wireless Benefit Service Center and request this change.You may have the option to convert your life insurance coverage. You will receive information under separate cover about converting this coverage.

If you were enrolled in medical, dental vision, EAP and/or Healthcare Flexible Spending Account as an active employee, you will receive information under separate cover about continuing this coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), which is federal legislation that allows for health coverage to be offered at group rates in certain instances where coverage under a group health plan would otherwise end. This information will also include enrollment and deadline information specific to your COBRA options. Your COBRA options are also listed on the following pages of this Personal Fact Sheet.

This Personal Fact Sheet includes a summary of your available benefit options and their costs. It **also includes a list of dependents shown on our records.** To help you make your decisions, the enclosed Enrollment Guide provides an overview of each of the plans available to you.

## YOUR DEFAULT BENEFIT ELECTIONS AND COSTS FOR PLAN YEAR 2006

*This statement reflects data on our system as of March 15, 2006.*

| Plan | Option | Coverage Level | Plan Year 2006 Contribution Per Month Before-Tax | After-Tax |
|---|---|---|---|---|
| Retiree Medical | Cingular Edge PPO | Individual + Spouse | | $340.82 |
| Retiree Medical Plus | No Coverage | No Coverage | | $0.00 |
| Retiree Dental | Edge Dental | Individual + Spouse | | $37.09 |
| SUBTOTALS | | | $0.00 | $377.91 |
| TOTAL BENEFIT CONTRIBUTIONS | | | | $377.91 |

**EXHIBIT A**



4.CW-H-504A
3.CW-H-405B/ 319991.001

FESCOHOB_CW03169248_11_PFS_DAILY.ps
CW03169248002000001

**Henry M. Siegel, Esq.**

February 29, 2008

General Counsel
AT & T Mobility LLC
5565 Glenridge Connector
20th Floor
Atlanta, GA 30342

## NOTICE OF DISPUTE

Re: Notice of claim of Negligence by either Cingular Wireless Benefits Center and/or ATT Mobility with respect to benefits granted to **Retiree Thomas Risenhoover** Who was a blue employee of ATT Wireless before Cingular took over the company ID #00810457099 Group #1140655, Cellular phone 916-806-4646

Dear Sir:

This letter is being written on behalf of Thomas and Doris Risenhoover who both are beneficiaries of the Cingular Wireless Benefit package identified in the copy of the personal fact sheet (PFS) dated March 15, 2006 which is attached.

The premiums that were required to be paid to maintain these benefits were paid starting in February 2006 until August 2007 by electronic check sent to the Cingular Wireless Benefits Center wherever that office is located in the United States.

A problem with the application of these premiums to the insurance plan granted to the Risenhoovers occurred when there was a switchover in vendors from Cingular Wireless Benefits Center to ATT Mobility in September of 2007.

Apparently what happened in September of 2007 was that the premium received by the service center was misapplied. That premium of $416 was not paid to the insurance company but diverted (for unknown reasons) into Mr. Risenhoover's cellular Phone Account. This diversion was not done with the knowledge or consent of Mr. or Mrs. Risenhoover.

This diversion continued for three months until the Risenhoovers were notified that their insurance benefits for health insurance and dental insurance were cancelled.

**Problem One**. This is the first complaint made by this letter. A mistake was made without the fault of the Risenhoovers by some administrator in some office, somewhere, which results in the failure to pay the insurance premiums to the insurance company that were sent for that purpose.

The ATT website says that ATT&T Mobility is committed to customer satisfaction. I must advise you that all attempts by the Risenhoovers to resolve this error has resulted in no satisfaction. They have gotten different answers from different people and no one administratively seems capable of resolving these issues in any satisfactory manner.

**EXHIBIT B**

Phone (619)819-2091
Cell: (619) 251-1143

PO Box 84708
San Diego, CA 92138

Email: hsiegel@prodigy.net.mx

In one effort to partially solve this issue, the Risenhoovers were directed to send a regular check for approximately $1,200 in November of 2007 to reinstate their insurance.

**Problem Two.** When the check was sent in November of 2007, the medical portion of the Risenhoover's benefit plan was reinstated by the Dental portion was not. The Risenhoovers received notification on 10/1/07 that their dental coverage had been cancelled. They both need to be reinstated immediately at the monthly premium of $416 per month for both coverages.

**Problem Three.** In November of 2007, Mr. Risenhoover was denied the right of open enrollment to his plan because the account notified him that his plan had been cancelled. We demand that he be given the same rights of open enrollment to which he would have been entitled if his benefits package had not been negligently cancelled by the administrators of the plans.

**Problem Four** The Risenhoovers have incurred $502 worth of Dental Expense that should have been covered by the benefits package. We ask for reimbursement for this expense

**Problem five.** Some medical procedures have been delayed due to the effect that the Risenhoovers are not sure exactly what they are entitled to at present. It is critical that this matter be resolved quickly before there is any further need for medical insurance for these beneficiaries.

**Problem Six.** The funds that were sent for insurance premiums in September through November 2006, totaling approximately $1,248 ,that were put into the Risenhoover's cellular account have not been repaid even though the company has said that they were repaid. The demand is that these funds be repaid promptly.

**Problem Seven**. The Risenhoovers have had to retain this office to arbitrate this mater. The total initial fees will total $500 if this matter can be negotiated without the need for arbitration. If arbitration is necessary fees will be billed at the rate of $250 per hour for all work done prior to and during the arbitration of this matter. So hopefully you will take the necessary steps to resolve this matter without the need to take this matter to a full arbitration proceeding.

Attached to this letter are copies of the Risenhoover's Personal fact sheet showing their coverage, a letter from United Health Care dated February 18, 2006 showing their insurance coverage and an enrollment confirmation dated 11/5/05 showing their new benefits for both Thomas and Doris Risenhoover.

Please contact me if you have any further questions.

Sincerely,

Henry Siegel

Phone (619)819-2091
Cell: (619) 251-1143

PO Box 84708
San Diego, CA 92138

Email: hsiegel@prodigy.net.mx

**Exhibit B**

**Henry M. Siegel, Esq.**

February 29, 2008

General Counsel
AT & T Mobility LLC
5565 Glenridge Connector
20th Floor
Atlanta, GA 30342

## NOTICE OF DISPUTE

Re: Notice of claim of Negligence by either Cingular Wireless Benefits Center and/or ATT Mobility with respect to benefits granted to **Retiree Thomas Risenhoover**
Who was a blue employee of ATT Wireless before Cingular took over the company
ID #00810457099 Group #1140655, Cellular phone 916-806-4646

Dear Sir:

This letter is being written on behalf of Thomas and Doris Risenhoover who both are beneficiaries of the Cingular Wireless Benefit package identified in the copy of the personal fact sheet (PFS) dated March 15, 2006 which is attached.

The premiums that were required to be paid to maintain these benefits were paid starting in February 2006 until August 2007 by electronic check sent to the Cingular Wireless Benefits Center wherever that office is located in the United States.

A problem with the application of these premiums to the insurance plan granted to the Risenhoovers occurred when there was a switchover in vendors from Cingular Wireless Benefits Center to ATT Mobility in September of 2007.

Apparently what happened in September of 2007 was that the premium received by the service center was misapplied. That premium of $416 was not paid to the insurance company but diverted (for unknown reasons) into Mr. Risenhoover's cellular Phone Account. This diversion was not done with the knowledge or consent of Mr. or Mrs. Risenhoover.

This diversion continued for three months until the Risenhoovers were notified that their insurance benefits for health insurance and dental insurance were cancelled.

**Problem One**. This is the first complaint made by this letter. A mistake was made without the fault of the Risenhoovers by some administrator in some office, somewhere, which results in the failure to pay the insurance premiums to the insurance company that were sent for that purpose.

The ATT website says that ATT&T Mobility is committed to customer satisfaction. I must advise you that all attempts by the Risenhoovers to resolve this error has resulted in no satisfaction. They have gotten different answers from different people and no one administratively seems capable of resolving these issues in any satisfactory manner.

Phone (619)819-2091
Cell: (619) 251-1143

PO Box 84708
San Diego, CA 92138

Email: hsiegel@prodigy.net.mx

**Henry M. Siegel, Esq.**

In one effort to partially solve this issue, the Risenhoovers were directed to send a regular check for approximately $1,200 in November of 2007 to reinstate their insurance.

**Problem Two.** When the check was sent in November of 2007, the medical portion of the Risenhoover's benefit plan was reinstated by the Dental portion was not. The Risenhoovers received notification on 10/1/07 that their dental coverage had been cancelled. They both need to be reinstated immediately at the monthly premium of $416 per month for both coverages.

**Problem Three.** In November of 2007, Mr. Risenhoover was denied the right of open enrollment to his plan because the account notified him that his plan had been cancelled. We demand that he be given the same rights of open enrollment to which he would have been entitled if his benefits package had not been negligently cancelled by the administrators of the plans.

**Problem Four** The Risenhoovers have incurred $502 worth of Dental Expense that should have been covered by the benefits package. We ask for reimbursement for this expense

**Problem five.** Some medical procedures have been delayed due to the effect that the Risenhoovers are not sure exactly what they are entitled to at present. It is critical that this matter be resolved quickly before there is any further need for medical insurance for these beneficiaries.

**Problem Six.** The funds that were sent for insurance premiums in September through November 2006, totaling approximately $1,248 ,that were put into the Risenhoover's cellular account have not been repaid even though the company has said that they were repaid. The demand is that these funds be repaid promptly.

**Problem Seven**. The Risenhoovers have had to retain this office to arbitrate this mater. The total initial fees will total $500 if this matter can be negotiated without the need for arbitration. If arbitration is necessary fees will be billed at the rate of $250 per hour for all work done prior to and during the arbitration of this matter. So hopefully you will take the necessary steps to resolve this matter without the need to take this matter to a full arbitration proceeding.

Attached to this letter are copies of the Risenhoover's Personal fact sheet showing their coverage, a letter from United Health Care dated February 18, 2006 showing their insurance coverage and an enrollment confirmation dated 11/5/05 showing their new benefits for both Thomas and Doris Risenhoover.

Please contact me if you have any further questions.

Sincerely,

Henry Siegel

Phone (619)819-2091
Cell: (619) 251-1143

PO Box 84708
San Diego, CA 92138

Email: hsiegel@prodigy.net.mx

at&t

April 21, 2008

Private and Confidential

Mr. Thomas Risenhoover
416 West San Ysidro Boulevard
#L1647
San Ysidro, CA 92173

Dear Mr. Risenhoover:

This letter is in response to an ERISA claim submitted on your behalf on March 7, 2008, regarding reinstatement of your medical and dental coverage at a monthly cost of $416. AT&T Inc. has directed the AT&T Benefits Center Benefit Determination Review Team to conduct the ERISA claim review for eligibility and enrollment. In reviewing your ERISA claim, the information submitted with your written ERISA claim, the records at AT&T Benefits Center, and the relevant plan provisions were considered. The request has been denied.

The following information can be found on page 15 of the Medical, Medical Plus, Dental, Vision, Life (Including AD&D) and EAP Eligibility, Enrollment and Administrative Provisions – Bargained Employees Summary Plan Description, effective January 1, 2007, in pertinent part:

> **Contributions**
>
> Employee contribution rates, if any, are subject to change and are generally published annually in the fourth quarter of the year. Employee contribution rates are available by calling the Cingular Wireless Benefits Service Center.
>
> ***Employees, Retirees and Survivors***
>
> Employee contribution rates, if any, for full-time and eligible part-time bargained Employees and their Dependents are subject to the collective bargaining agreements in force between the bargaining unit and the Company. Contributions for coverage are deducted from your paycheck or pension benefit check. If you do not receive either, direct payments are required. Contact the Cingular Wireless Benefits Service Center for more information.

The following information can be found on page 17 of the Medical, Medical Plus, Dental, Vision, Life (Including AD&D) and EAP Eligibility, Enrollment and Administrative Provisions – Bargained Employees Summary Plan Description, effective January 1, 2007, in pertinent part:

| Hire Date: | Hired before 1/1/2005 | | | | | Hired on or after 1/1/2005 |
|---|---|---|---|---|---|---|
| Plan: | Former SWBW Planparticipants | Former Nonbargained Plan participants * | | | | National Plan for Bargained Employees |
| Transition Group Status | Group B (as of 12/31/04) | Group 1 Retiree Benefits provided by Parent Company (SBC, | Group 2 | Group 3 | Group 4 | None |

223260095

EXHIBIT D

Mr. Thomas Risenhoover
Page 2
April 21, 2008

| | | BLS) ** | | | | |
|---|---|---|---|---|---|---|
| Eligibility Rule | Modified rule of 75 ⊙ 30 and any ⊙ 25 & 50 ⊙ 20 & 55 ⊙ 10 & 65 | Met SBC or BLS eligibility rule *** prior to 1/1/02 | Within 5 years of SBC or BLS eligibility rule *** prior to 1/1/02 OR had at least 15 years NCS prior to 1/1/02 and retires after reaching SBC or BLS eligibility rule at Cingular | Had at least 5 years NCS prior to 1/1/02 and retires after reaching age 55 & 10 yrs. NCS at Cingular | Less than 5 years NCS as of 1/1/02 and all newly hired Employees who retire after reaching age 55 & 10 yrs. NCS at Cingular | Modified rule of 75 ⊙ 30 and any ⊙ 25 & 50 ⊙ 20 & 55 ⊙ 10 & 65 |
| Retiree Contributions | Same as active Employees' contributions | Parent company determines Retiree contribution amount | **** SBC (2005) – 33% of full cost BLS (2005) – 40% of full cost | ***** Medical Plan: Retiree pays full cost less NCS-based subsidy, if any | Full cost – 100% (access only) | Full cost – 100% (access only) |
| Retiree Benefits Available | | | | | | |
| Medical | Yes; pay same as active Employees' contribution | Yes; parent company and Retiree cost sharing currently | Yes; Cingular and Retiree cost sharing currently | Yes; Cingular and Retiree cost sharing currently | Yes; Retiree pays all (access only) | Yes; Retiree pays all (access only) |
| Dental | No Retiree coverage – may elect COBRA for up to 18 months – Retiree pays 102% of cost | Yes; parent company and Retiree cost sharing currently | Yes; Cingular and Retiree cost sharing currently | Yes; Retiree pays 100% | Yes; Retiree pays 100% | No Retiree coverage – may elect COBRA for up to 18 months – Retiree pays 102% of cost |

Research indicates that you are responsible to pay 100% of you medical premiums. You are enrolled into the POS medical plan with United Healthcare and you have a monthly premium of $1,191.67, per month. You are responsible to pay your premiums in order to continue coverage. Additional research indicates that you are not eligible for retiree dental coverage based on your retirement status. Therefore your request for medical and dental benefits for a total monthly premium of $416 is denied.

In addition, if your payment for retiree health and group benefits was incorrectly applied to you wireless service; please contact the Telephone Concession Escalations Resource Mailbox at rm-telephoneconces@att.com. You can also contact the Telephone Concession Escalation by writing to:

Telephone Concession Administrator
130 E Travis, Rm. 4-R-04
San Antonio, TX 78205

Additionally, if you have questions regarding your dental claims payment, please contact Cigna at 1-888-722-5505.

You may appeal this denial to the AT&T Eligibility and Enrollment Appeal Committee (EEAC) within 180 days from the date on this letter. If you do not submit an ERISA appeal to the Eligibility and

Mr. Thomas Risenhoover
Page 3
April 21, 2008

Enrollment Appeal Committee (EEAC) during this time period, no further action will be taken by the AT&T Benefits Center Benefit Determination Review Team and you may not file an ERISA appeal for this ERISA claim at a later date. Submit your ERISA appeal in writing to:

AT&T Eligibility and Enrollment Appeal Committee
Attn: Benefit Determination Review Team
Post Office Box 1407
Lincolnshire, IL 60069-1407

In preparing your ERISA appeal, you have the right to receive upon request and without charge, reasonable access to, or copies of, any relevant documents, records, or other information relied upon by the AT&T Benefits Center Benefit Determination Review Team in making this determination. If you have any additional information or documentation to support your ERISA claim, you must submit it with your ERISA appeal.

The Eligibility and Enrollment Appeal Committee (EEAC) will review the information submitted with your written ERISA claim and appeal, the records at the AT&T Benefits Center and relevant plan provisions. You should receive a written response within 60 days following the receipt of your ERISA appeal. The decision of the Eligibility and Enrollment Appeal Committee (EEAC) is final and binding.

If the Eligibility and Enrollment Appeal Committee (EEAC) denies your ERISA appeal, you have the right to bring a civil action in federal court under section 502(a) of the Employee Retirement Income Security Act of 1974. This option is available to you only after you have exhausted all of the administrative remedies available to you through AT&T Inc.'s claims and appeals process.

If you need additional information, access the AT&T Benefits Center Web site directly at **http://resources.hewitt.com/att** or through the Benefits section of HROneStop at **http://hronestop.att.com** (from work). Or call the AT&T Benefits Center at **1-877-722-0020**. Outside the United States, call **+1-847-883-0866**. AT&T Benefits Center service associates are available between 7 a.m. and 7 p.m. Central time, Monday through Friday.

Sincerely,

AT&T Benefits Center
Benefit Determination Review Team

223260095

at&t

July 16, 2008

Private and Confidential

Mr. Thomas Risenhoover
416 West San Ysidro Blvd
#L1647
San Ysidro, CA 92173

Dear Mr. Risenhoover:

This letter is in response to your original ERISA claim received on March 7, 2008, requesting for your employment status to reflect management versus bargained, as well as for your medical and dental premiums to remain $416 per month. This letter serves as a correction to the enclosed determination letter dated April 21, 2008. AT&T Inc. has directed the AT&T Benefits Center Benefit Determination Review Team to conduct the ERISA claim review for eligibility and enrollment.

After reviewing your ERISA claim, the AT&T Benefits Center Benefit Determination Review Team has corrected your employment status to reflect retiree management. By changing your employment status, you are now eligible for dental coverage as you were under the Cingular plan and your medical plan has defaulted to the AT&T Network Standard plan effective January 1, 2008.

Due to the error of your employment status, you will be given the opportunity to call the AT&T Benefits Center within 31 days of the date of this letter to elect your medical option. A Health Plan Comparison Chart has been mailed to your address on file under separate cover to aid in assisting you to make a medical plan election.

However, the cost of your medical and dental premiums will no longer be $416, as you requested in your original claim. You are responsible to pay the premiums in order to continue coverage. Based on these changes you will be provided additional time to amend your appeal. Please advise us of any additional questions or concerns you have by September 14, 2008. You may send any additional information in writing to:

AT&T Benefits Center
Benefit Determination Review Team
Post Office Box 1407
Lincolnshire, IL 60069

If no response is received from you by September 14, 2008, your original appeal will be reviewed and determined based on the information already provided.

If you need additional information, access the AT&T Benefits Center Web site directly at **http://resources.hewitt.com/att** or through the Benefits section of HROneStop at **http://hronestop.att.com** (from work). Or call the AT&T Benefits Center at **1-877-722-0020**. Outside

**EXHIBIT E**

223260095

the United States, call **+1-847-883-0866**. AT&T Benefits Center service associates are available between 7 a.m. and 7 p.m. Central time, Monday through Friday.

Sincerely,

AT&T Benefits Center
Benefit Determination Review Team

Enclosure

Cc: Mr. Henry M. Siegel, ESQ

# Henry M. Siegel, Esq.

July 21, 2008

A T & T Eligibility and Enrollment Appeals Committee
Atth: Benefit Determination Review Team
PO Box 1407
Lincolnshire IL 60069-1407

Our Clients: Thomas Risenhoover, Retiree of Cingular Mobility

This letter is in response to your last letter to Mr. Thomas Risenhoover dated July 16,2008. Your letter admits that some mistake was made by A. T. & T. Benefits Center as regard to Mr. Risenhoover's employment status. Exactly what mistake was made and who made it and what effect did this mistake have with respect to Mr. Risenhoover's ERISA benefits? It is important you respond to this previous question in detail.

You further admit in paragraph 4 that Mr. Risenhoover's medical and dental premiums were $416 per month. This admission will be presented to the Court if this matter is left to litigation. Our position on this matter is as follows:

1. that Mr. Risenhoover's medical and dental benefits at retirement were dependent upon a monthly premium of $416 per month or some lesser amount in early periods and that you office had no right to change that benefit without giving Mr. Risenhoover adequate notice and right to contest any change in his benefits.
2. Someone at A.T. & T Benefits center was responsible for misdirecting Mr. Risenhoover's monthly premium in September, October and November of 2007.
3. At the very least, we want to know exactly the Name, Employment title, address and telephone extension of the person at A. T. & T. Benefits Center was responsible for this misdirection?
4. We also want to know exactly why Mr. Risenhoover's was NOT notified that his insurance premiums were not being paid?
5. Next, we want to know the law, regulation or provision of any rule at A. T. & T. that allows you to change benefits for a retiree without giving that person notice?
6. We want to know the names, positions and telephone numbers of all members of the A. T. and T. Benefits team that is making determinations about Mr. Risenhoover's retirement benefits?
7. To settle this matter, we want specific responses to these 4 questions at the very least. We are prepared to file a federal District Court proceeding to obtain this information if you are not forthcoming in your response to this letter.
8. At this moment, we are unable to accept your offer of an apparent compromise offer for Mr. Risenhoover to pay 896.79 for Medical Insurance and $61.29 for dental insurance. This offer of compromise is roughly $542 per month greater that Mr. Risenhoover was previously paying and amounts to a sum greater that $30,000 more than he was paying under the plan that was promised to him at retirement.

**EXHIBIT F**

Phone: (619) 819-2091
Email: hsiegel@prodigy.net.mx

PO Box 84708
San Diego, CA 92138

**Henry M. Siegel, Esq.**

Unless you are able to properly answer the above questions, we maintain our demand that Mr. Risenhoover's retirement benefit include Medical Insurance and Dental Insurance in the range of $400 to $500 per month.

Please respond to this letter by the end of July 2008 or we will immediately be forced to seek injunctive relief and damages for violations of ERISA and other potential violations of law and you're A. T. & T. regulations.

Very Sincerely,

Henry M. Siegel

cc: Thomas Risenhoover

Phone: (619) 819-2091
Email: hsiegel@prodigy.net.mx

PO Box 84708
San Diego, CA 92138

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

FILED

2008 AUG -1 PM 3: 09

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DEPUTY

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Thomas Risenhoover

**DEFENDANTS**
A.T. & T. Mobility, LLC, Cingular Wireless and Does 1 to 50

(b) County of Residence of First Listed Plaintiff San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Dekalb, GA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'08 CV 1401 W NLS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Henry M. Siegel, Law offices of Henry M. Siegel-
PO Box 84708, San Diego, CA -619-819-2091

Attorneys (If Known)
General Counsel, A.T. & T. Mobility LLC

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
29 U. S. C Section 1001 and 29 U.S.C Section 140
Brief description of cause:
Violation of ERISA rights

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 08/01/2008 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 153584 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

[handwritten initials] 8/1/08

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153584 - TC**

**August 01, 2008**
**15:07:55**

**Civ Fil Non-Pris**
Court #.: 08CV1401
Judge..: THOMAS J WHELAN
Amount.: $350.00 CK
Check#.: PC1064

**Total-> $350.00**

FROM: THOMAS RISENHOOVER
VS
AT&T MOBILITY